IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JANE WALTERS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 19-CV-1010-EFM ) |
| DOLLAR GENERAL CORPORATION and DG RETAIL LLC, | ) ) ) |
| Defendants. | ) ) |

## ORDER TO SHOW CAUSE

Plaintiff initially filed this personal injury case against defendants Dollar General Corporation and DG Retail LLC.[1] On June 5, 2019, plaintiff filed an amended complaint adding IIM, Inc. as a defendant.[2] The amended complaint alleges this court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the parties are completely diverse.[3] However, it fails to allege facts sufficient to allow the court to confirm whether diversity of citizenship exists. To establish diversity jurisdiction, the citizenship of a business entity is determined by its organizational structure. For example, if the business is a corporation, its citizenship is both the state where it is incorporated and the state where its principal place of business is located.[4] And if the business is an unincorporated

---

[1] ECF No. 1.

[2] ECF No. 30.

[3] *Id.*

[4] 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).

association (such as a limited liability company, general partnership, or limited partnership), its citizenship is determined by the citizenship of each one of its members.[5] The court has an independent obligation to satisfy itself that subject matter jurisdiction is proper.[6] It "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[7]

Here, the amended complaint indicates that defendants Dollar General Corporation and DG Retail LLC are both Tennessee corporations with principal places of business in Tennessee, and defendant IIM, Inc. is an Oregon corporation with a principal place of business in Kentucky.[8] However, the amended complaint is silent as to the identity and citizenship of the individual members of DG Retail LLC. While Dollar General Corporation's corporate disclosure statement indicates it has no parent corporation,[9] DG Retail LLC's corporate disclosure statement lists several parent companies, including

---

[5] *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1014-15 (2016); *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015); *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320 (7th Cir. 2002).

[6] *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

[7] *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

[8] ECF No. 1.

[9] ECF No. 7.

Dolgencorp of Texas, Inc., DG Strategic I, LLC, and DG Promotions, Inc.[10]  The amended complaint is also silent as to the citizenship of those parent business entities.  Thus, the allegations fail to establish citizenship for diversity jurisdiction purposes.

IT IS THEREFORE ORDERED that by **June 27, 2019,** the parties shall file a joint status report, with affidavits attached, demonstrating the citizenship of each of the parties and showing cause why this case should not be dismissed for lack of jurisdiction.

Dated June 13, 2019, at Kansas City, Kansas.

                                                  s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[10] ECF No. 8.