IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JANE WALTERS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DOLLAR GENERAL CORPORATION )<br>and DG RETAIL LLC, )<br>)<br>Defendants. )<br>_____) | Case No.  19-CV-01010 |

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW Defendants Dollar General Corporation and DG Retail LLC ("Defendants"), by and through attorneys, G. Andrew Marino and Justen P. Phelps of Gibson Watson Marino LLC, and for their Answer to Plaintiff's Complaint, states:

1. Defendants admit Paragraph 1 of Plaintiff's First Amended Complaint.

2. Defendants admit paragraph 2 of Plaintiff's First Amended Complaint.

3. As to paragraph 3 of Plaintiff's First Amended Complaint Defendants note that D.G. Retail LLC is a Tennessee limited liability company, but otherwise admit paragraph 3 of Plaintiff's Complaint.

4. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in contained in Paragraph 4 of Plaintiff's First Amended Complaint and therefore deny the same.

5. Defendants admit Paragraph 5 of Plaintiff's First Amended Complaint.

6. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in contained in Paragraph 6 of Plaintiff's First Amended Complaint and therefore deny the same.

1

7. Defendants admit Paragraph 7 of Plaintiff's First Amended Complaint.

8. Defendants deny Paragraph 8 of Plaintiff's First Amended Complaint.

9. As to Paragraph 9 of Plaintiff's First Amended Complaint, Defendants admit that DG Retail, LLC, owns the real estate at 1310 East First Street in Pratt, Kansas, but denies that Dollar General Corporation operates the retail store.

10. In response to Paragraph 10 of Plaintiff's First Amended Complaint, Defendants admit that they do business under the name "Dollar General".

11. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in contained in Paragraph 11 of Plaintiff's First Amended Complaint and therefore deny the same.

12. Defendants deny paragraph 12 of Plaintiff's First Amended Complaint.

13. Defendants deny paragraph 13 of Plaintiff's First Amended Complaint.

14. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in contained in Paragraph 14 of Plaintiff's First Amended Complaint and therefore deny the same.

15. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in contained in Paragraph 15 of Plaintiff's First Amended Complaint and therefore deny the same.

16. Defendants admit Paragraph 16 of Plaintiff's First Amended Complaint.

17. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in contained in Paragraph 17 of Plaintiff's First Amended Complaint and therefore deny the same.

18. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in contained in Paragraph 18 of Plaintiff's First Amended Complaint and therefore deny the same.

19. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in contained in Paragraph 19 of Plaintiff's First Amended Complaint and therefore deny the same.

20. Defendants deny Paragraph 20 of Plaintiff's First Amended Complaint.

21. Defendants deny Paragraph 21 of Plaintiff's First Amended Complaint.

22. Defendants deny Paragraph 22 of Plaintiff's First Amended Complaint.

23. Defendants deny Paragraph 23 of Plaintiff's First Amended Complaint.

24. Defendants deny Paragraph 24 of Plaintiff's First Amended Complaint.

25. Defendants deny Paragraph 25 of Plaintiff's First Amended Complaint.

26. Defendants deny Paragraph 26 of Plaintiff's First Amended Complaint.

27. Defendants deny Paragraph 27 of Plaintiff's First Amended Complaint.

28. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in contained in Paragraph 28 of Plaintiff's First Amended Complaint and therefore deny the same.

29. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in contained in Paragraph 29 of Plaintiff's First Amended Complaint and therefore deny the same.

30. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in contained in Paragraph 30 of Plaintiff's First Amended Complaint and therefore deny the same.

31. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in contained in Paragraph 31 of Plaintiff's First Amended Complaint and therefore deny the same.

32. Defendants deny paragraph 32 of Plaintiff's First Amended Complaint, and all of its subparts, a-l.

33. Defendants admit paragraph 33 of Plaintiff's First Amended Complaint.

34. Defendants admit paragraph 34 of Plaintiff's First Amended Complaint.

35. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in contained in Paragraph 35 of Plaintiff's First Amended Complaint and therefore deny the same.

36. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in contained in Paragraph 36 of Plaintiff's First Amended Complaint and therefore deny the same.

37. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in contained in Paragraph 37 of Plaintiff's First Amended Complaint and therefore deny the same.

38. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in contained in Paragraph 38 of Plaintiff's First Amended Complaint and therefore deny the same.

39. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in contained in Paragraph 39 of Plaintiff's First Amended Complaint and therefore deny the same.

40. Defendants deny paragraph 40 of Plaintiff's First Amended Complaint.

41. Defendants deny paragraph 41 of Plaintiff's First Amended Complaint.

42. Defendants deny paragraph 42 of Plaintiff's First Amended Complaint.

43. Defendants further deny Plaintiff's prayer for relief and judgment as stated within the First Amended Complaint.

44. Defendants deny each and every allegation not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

45. The United States District Court for the District of Kansas does not have original jurisdiction over this cause of action pursuant to 28 U.S.C § 1332.

46. Plaintiff's First Amended Complaint is barred to the extent it fails to state facts sufficient to constitute a claim or cause of action upon which relief can be granted against Defendants.

47. Plaintiff's damages, if any, were proximately contributed to or caused by the actionable conduct of other persons, corporations or business entities known or unknown to Defendants at this time and were not caused in whole or in part by Defendants.

48. Plaintiff's action is barred or damages, if any, are diminished by her own comparative fault or by the fault of others for whom these Defendants are not liable.

49. Defendants allege that to the extent Plaintiff's First Amended Complaint alleges and Plaintiff establishes the existence of an unsafe condition, that condition was open and obvious to Plaintiff.

50. Defendants deny Plaintiff's injuries and damages are of the nature and to the extent claimed.

51. If any injury was sustained, Plaintiff's damages are limited to those that will compensate her only for the aggravation of any pre-existing condition.

52. Plaintiff may not recover for injures and damages due to pre-existing conditions or those resulting from some cause other than the accident at issue.

53. To the extent Plaintiff claims medical expenses in this case, Defendants asserts they are entitled to any applicable credit, set-off, allowance, adjustment, accommodation for medical expenses that were credited, written off, otherwise extinguished, or not chargeable to Plaintiff pursuant to any law, contract, code or regulation.

54. Plaintiff has failed to mitigate her damages.

55. Defendants assert the limitations on non-pecuniary damages, as to Plaintiff's claims, as provided by K.S.A. 60-19a02.

56. Plaintiff's punitive damages claim should be dismissed or stricken for failing to comply with the requirements of K.S.A. 60-3703.

57. The provisions of K.S.A. 60-3702 apply to this action.

58. The imposition of punitive or exemplary damages in this case would violate Defendants' rights to substantive and procedural due process under the Fifth and Fourteenth Amendments to the Constitution of the United States and would violate the public policy and law of the State of Kansas.

59. The imposition of punitive or exemplary damages in this case in the absence of the procedural safeguards accorded to the Defendants including a reasonable doubt standard of proof, would violate the Fourth, Fifth and Sixth Amendments and Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

60. The Complaint fails to set forth facts sufficient to constitute a claim for punitive damages or exemplary damages in that neither Defendants nor their agents, if any, acted with

malice, fraud, oppression, or any other state towards Plaintiff nor did they ratify such conduct, sufficiently to sustain punitive damages with respect to the Plaintiff.

61.     Defendants reserve the right to assert additional affirmative defenses, amend, supplement or otherwise modify their answer as warranted by ongoing investigation and discovery.

WHEREFORE, Defendants prays for judgment in their favor, dismissing Plaintiff's First Amended Complaint, for the costs of this action, and for such other and further relief as the Court deems just and equitable.

## REQUEST FOR JURY TRIAL

Defendant requests trial of this matter by a jury of twelve (12) members.

## DESIGNATION OF LOCATION FOR HEARINGS AND TRIAL

Defendant requests that all hearings and the trial of this matter be held at the United States District Court for the District of Kansas in Wichita, KS.

Respectfully submitted,

GIBSON WATSON MARINO LLC

 /s/ G. Andrew Marino
G. Andrew Marino, #21716
Justen P. Phelps, #22670
GIBSON WATSON MARINO LLC
301 N. Main, Suite 1300
Wichita, KS 67202
T: (316) 264-7321
F: (316) 264-8614
andrew@gwmks.com
justen@gwmks.com
*Attorneys for Defendants*

7

**CERTIFICATE OF SERVICE**

   I do hereby certify that on this 1st day of August, 2019, the foregoing was electronically filed with the Clerk of the U.S. District Court using the CM/ECF system, which will send notice of electronic filing to all registered attorneys of record.

   Matthew L. Bretz       matt@byinjurylaw.com
   **BRETZ & YOUNG, LLC**
   3 Compound Drive
   P.O. Box 1782
   Hutchinson, Kansas 67504


                By: /s/ G. Andrew Marino
                G. Andrew Marino, #21716
                Justen P. Phelps, #22670
                *Attorneys for Defendants*