IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JANE WALTERS, )
)
    Plaintiff, )
)
vs. ) Case No. 19-CV-1010-EFM
)
DOLLAR GENERAL CORPORATION )
and DG RETAIL LLC, )
)
    Defendants. )

# **ORDER**

The plaintiff, Jane Walters, has filed a motion (ECF No. 43) seeking to compel supplemental discovery responses from the defendants, Dollar General Corporation and DG Retail LLC. In this personal injury and negligence case, plaintiff alleges that she fell on the sidewalk outside the Dollar General store in Pratt, Kansas, while carrying three flowerpots that obstructed her view while walking. She alleges defendants negligently maintained the sidewalk; ignored past reports of trips and/or falls by other customers; and failed to warn, repair, or barricade the dangerous condition of the sidewalk.[1] Defendants oppose the motion to compel, arguing they have adequately produced relevant and responsive discovery and that the additional requests are overbroad and irrelevant. For the reasons discussed below, the court grants the motion in part and denies the motion in part.

---

[1] ECF No. 1.

Analysis

The Federal Rules of Civil Procedure provide the general limits on the scope of discovery. Although there's a presumption in favor of disclosure of information, discovery is limited to information that is "relevant to any party's claims or defenses and proportional to the needs of the case."[2] The proportionality standard moved to the forefront of Fed. R. Civ. P. 26(b) when the rule was amended in 2015, which reinforced the need for parties to focus on the avoidance of undue expense to the parties.[3] Although the court still considers relevance, the previous language defining relevance as "reasonably calculated to lead to the discovery of admissible evidence," was deleted in the 2015 amendment "because of it was often misused to define the scope of discovery and had the potential to 'swallow any other limitation.'"[4]

The proportionality standard takes into account "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[5]

---

[2] Fed. R. Civ. P. 26(b)(1).

[3] *Frick v. Henry Indus., Inc.*, No. 13-2490-JTM-GEB, 2016 WL 6966971, at *3 (D. Kan. Nov. 29, 2016).

[4] *Brown v. Panhandle E. Pipeline Co. L.P.*, No. 16-CV-2428-JAR-TJJ, 2018 WL 263238, at *2 (D. Kan. Jan. 2, 2018).

[5] Fed. R. Civ. P. 26(b)(1); *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, No. 17-MD-2785-DDC-TJJ, 2018 WL 1440923, at *1 (D. Kan. Mar. 15, 2018).

One central purpose of its inclusion is to "encourage judges to be more aggressive in identifying and discouraging discovery overuse."[6] With this standard in mine, the court turns to the discovery request at issue in plaintiff's motion.

Defendants' Awareness of Sidewalk Conditions (Document Request Nos. 4 and 8)

Plaintiff requests all documents and materials "in any way pertaining to the sidewalks" and any communication "in any form related to the subject sidewalk" at the Pratt, Kansas Dollar General store.[7] Defendants argue that that these requests are overly broad because of the phrases "pertaining to" and "related to" and because there is no time limitation imposed on the request.

The court overrules defendants' argument that the phrases "pertaining to" and "relating to" are overly broad. A discovery request may be overly broad if an omnibus term "is used with respect to a general category or broad range of documents."[8] But here the court finds these requests are limited by the relatively specific subject of the sidewalks at the store where the alleged incident occurred.

Defendants' objection about the lack of time limitation is well-taken. Courts in this district have found that discovery requests without a temporal scope are facially

---

[6] Fed. R. Civ. P. 26(b) advisory committee's note to 2015 amendment.

[7] ECF No. 44-1.

[8] *See, e.g.*, *Conagra Foods Food Ingredients Co. v. Archer Daniels Midland Co.*, No. 12-2171-EFM, 2014 WL 1570263, at *4 (D. Kan. Apr. 18, 2014).

3

objectionable, and plaintiff has not pointed to any precedent stating otherwise.[9] Defendants have apparently proposed a timeline of five years prior to the incident, which occurred on June 3, 2018.[10] The court finds that timeline reasonable, particularly in light of other requests using this same time frame. Document Request No. 5 already sought documents related to "any trip and/or fall that happened or has been alleged to have happened on the sidewalks or parking lot" and defendants produced responsive documents. Allowing a five-year span for documents that otherwise "pertain to" or "relate to" the sidewalk is reasonable. Defendants shall supplement their response to Document Request Nos. 4 and 8, limiting the temporal scope to the time period between June 3, 2013 and June 3, 2018.

<u>Other Lawsuits/Claims (Document Request Nos. 6, 34, and 36)</u>

Plaintiff requests all materials, excluding medical records, "in any way pertaining to any trip and/or fall that happened or has been alleged to have happened on the sidewalks or parking lot of any Dollar General store" in the five years preceding June 3, 2018.[11] Similarly, plaintiff requests all documents for any lawsuit, as well as any worker's compensation claim, arising from any alleged injuries from a trip and/or fall at any Dollar General in the five years preceding June 3, 2018.[12] Defendants object that these requests are overly broad, irrelevant, not proportional, and unduly burdensome.

---

[9] *N.U. v. Wal-Mart Stores, Inc.*, No. 15-4885-KHV, 2016 WL 3654759, at *4 (D. Kan. July 8, 2016) (limiting discovery requests in a personal injury case to a six-year period).

[10] ECF No. 44 at 3.

[11] ECF No. 44-1.

[12] *Id.*

The court agrees with defendants. Plaintiff served discovery seeking this information for the Dollar General store at issue (Document Requests No. 5, 35, and 37), to which defendants responded. Neither side has cited any precedent that directly supports their respective positions. There is not an automatic presumption of overbreath when there is a request for nationwide discovery, but a lack of both a geographic and temporal limitation would likely make such a request overly broad.[13] Here, plaintiff has limited these requests somewhat by using a five-year time span. Still, following plaintiff's argument, she asks for discovery of any incident on *any* sidewalk for *any* reason at any of defendants' 15,500 stores across the nation. That request for discovery is overbroad and would require defendants to undertake an undue burden not proportional to the claims here.

The court is unpersuaded by plaintiff's argument that her claim for punitive damages makes nationwide discovery necessary. Although plaintiff is entitled to evidence of prior similar incidents at the sidewalk in question, a nationwide scope is too broad, given that the incident was specific to the conditions at and outside this particular store.[14] This is in stark contrast to cases where a product, practice, or procedure was intentionally

---

[13] *See Tate v. Quiktrip Corp.*, No. 08-1268-JTM-DWB, 2009 WL 602097, at *1 (D. Kan. Mar. 6, 2009) (limiting the plaintiff's request from slip-and-fall cases at 512 nationwide stores to only the specific store in question, for a three-year period before the accident); *Ehrlich v. Union Pac. R.R. Co.*, 302 F.R.D. 620, 625 (D. Kan. 2014) (citing *Union Pacific Railway Co. v. Grede Foundries, Inc.*, where the document request had no temporal or geographic limitations and would have "encompassed virtually any documents relating to the defendant's tracks, repairs, and/or maintenance at any time and in any location").

[14] *See Foster v. Logan's Roadhouse, Inc.*, No. CV-12-S-2417-NE, 2013 WL 1498958, at *3 (N.D. Ala. Apr. 4, 2013) (concluding that a nationwide scope would be too broad but finding that because the defendant only had 254 stores, the scope was reasonable).

standardized nationwide. As plaintiff points out, courts in this district have allowed discovery of incidents nationwide in a negligence and premises liability case where the plaintiff claimed that defendant had knowledge that stocking overhead shelves during business hours could result in the product falling off those shelving units onto customers.[15] Here, though, the incident that led to the accident is specific to this location and information from other stores is, at best, tangentially relevant to prove Dollar General's knowledge of the allegedly dangerous condition at issue here. Incidents related to slip and/or fall incidents on the sidewalks of nationwide Dollar Generals do not show notice of a potentially dangerous situation in the same way that a company product, practice, or procedure might. The court therefore sustains defendants' objections as to Document Requests No. 6, 34, and 36.

Documents Supporting Defendants' Answer (Document Request Nos. 48 and 49)

Plaintiff requests all documents that defendants contend support the denials and affirmative defenses in their answer.[16] Defendants object to these requests as vague, overly broad, not proportional, and unduly burdensome. Defendants further object that the requests invade the thought process of counsel by seeking defense counsel's interpretation

---

[15] *See Fears v. Wal-Mart Stores, Inc.*, No. CIV.A. 99-2515-JWL, 2000 WL 1679418, at *2 (D. Kan. Oct. 13, 2000) (ruling that the request was not overly broad on its face and that the defendant failed to support its objection); see also *Simpson v. Home Depot, Inc.*, 203 F.R.D. 643, 645 (D. Kan. 2001) (allowing discovery on nationwide falling-merchandise injuries in all Home Depot stores within the last four years).

[16] ECF No. 44-1.

of documents, but did not reassert this objection in the motion to compel,[17] therefore, the court deems this objection to be abandoned.[18]

Defendants cite a District of Kansas opinion in which the court held interrogatories asking for "each and every fact supporting all of the allegations" in a complaint were unduly burdensome.[19] However, later cases in the district have required parties to "answer the interrogatory insofar as it is not objectionable by providing the requested information for the principal and materials facts [d]efendant relies on to support its affirmative defenses."[20] The court, finding the request reasonable and supporting the approach to "bring this cat and mouse game to a screeching halt,"[21] requires defendants to provide the requested information they currently possess. The court therefore denies in part and grants in part the motion with respect to Document Request Nos. 48 and 49.

---

[17] *Id.*

[18] *Moses v. Halstead*, 236 F.R.D. 667, 672 (D. Kan. 2006) ("When ruling on a motion to compel, the Court will consider only those objections that have been (1) timely asserted, and (2) relied upon in response to the motion to compel.").

[19] ECF No. 45, citing *Hilt v. SFC Inc.*, 170 F.R.D. 182, 186-88 (D. Kan. 1997).

[20] *Brown v. Panhandle E. Pipeline Co. L.P.*, No. 16-CV-2428-JAR-TJJ, 2018 WL 263238, at *5 (D. Kan. Jan. 2, 2018).

[21] *Pepsi-Cola Bottling Co. of Pittsburg v. Bottling Grp., L.L.C.*, No. 07-2315-JAR, 2008 WL 234326, at *1–2 (D. Kan. Jan. 28, 2008) (requiring the defendant to answer an interrogatory to "[p]rovide the specific factual basis, including identifying any relevant documents or witnesses, for each and every affirmative defense you have alleged," as well as a corresponding request for production of documents, but limiting the scope as to the "material or principal facts" to support its defenses).

Documents to Use at Trial (Document Request No. 50)

Plaintiff requests all documents that defendants intends or reasonably expects to introduce at trial. Defendants object to the request as premature. The court sustains defendants' objection. That information will be disclosed in defendants' exhibit list before trial.[22]

Policies and Documentation (Document Requests No. 10, 15, 16, and 33)

Based on the briefing, the parties have reached agreement on the remaining document requests. Defendants represent that certain e-mail attachments responsive to Document Request No. 10 have been destroyed according to a document retention policy, but they agree to look for the attachments and produce them if they are found.[23] It appears all relevant documents for Document Requests No. 15 and 16 have been produced, per an agreement between the parties to produce "all such policies and procedures applicable to the exterior sidewalk."[24] Similarly, the parties have agreed on Document Request No. 33, and defendants have supplemented their response. Plaintiff did not file any reply to rebut defendants' assertion as to these agreed-upon document requests. Given the briefing, the

---

[22] *Grider v. Shawnee Mission Med. Ctr., Inc.*, No. 16-CV-2750-DDC, 2018 WL 3862703, at *7 (D. Kan. Aug. 14, 2018).

[23] ECF No. 45 at 7.

[24] *Id.* at 8.

court will not compel a further response "absent evidence that the responding party has improperly withheld documents."[25]

Interrogatory Nos. 10 and 14

Interrogatory No. 10 requests that defendants "describe any actions that [defendants] or any employees acting on [their] behalf took to prevent the incident which is the subject of this suit."[26] Defendants object that the request is not relevant because it misstates the legal duty owed by defendants.[27] The court overrules defendants' objections. Regardless of defendants' duty, the court finds that this information is probative of whether defendants had notice of a potentially dangerous situation and failed to address it. The scope of plaintiff's claims extends further than just the duty owed by defendants. Although the court takes no position in this order on the parties' legal duties, the court finds that the interrogatory is tailored proportionately enough for defendants to access and provide the requested information. Defendants shall serve a supplementary answer to Interrogatory No. 10.

Interrogatory No. 14 requests information regarding the first time anyone at any level of Dollar General was notified of any problems with the sidewalk in front of the store at issue. Defendants object that the term "problems" is vague and argumentative and that the request is overly broad because it is not limited in time. The court overrules defendants'

---

[25] *Conagra Foods Food Ingredients Co. v. Archer Daniels Midland Co.*, No. 12-2171-EFM, 2014 WL 1570263, at *6 (D. Kan. Apr. 18, 2014).

[26] ECF No. 44-2.

[27] ECF No. 44.

objections. Unlike Document Requests Nos. 4 and 8, which more broadly request all documents "pertaining to" and "relating to" the sidewalks, this interrogatory specifically asks for the first time anyone was notified. This interrogatory should not, by definition, be limited to a five-year span of time, in the event that the responsive answer extends earlier than that. Defendants are able to access the relevant information without undue burden. Defendants shall serve a supplementary answer to Interrogatory No. 14.

Request for Admission No. 1

Request for Admission No. 1 asks defendants to admit that "in 2017 Dollar General had net sales of over $23 billion and gross profits of over $7.2 billion, but did not spend anything to repair the sidewalk at their Pratt, Kansas store."[28] Defendants object that the request is compound, argumentative, misleading, and irrelevant. Specifically, defendants state that the "request attempts to infer an association between the compound facts within the request" and they therefore cannot admit or deny the request, even in part.[29]

Plaintiff moves the court to order defendants to either admit or deny the request. But "motions concerning [requests for admission] are meant to test the sufficiency of the response, rather than to compel."[30] Because Rule 36 does not require admissions, the court

---

[28] ECF No. 44-3.

[29] ECF No. 45 at 10.

[30] *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, No. 17-MD-2785-DDC-TJJ, 2019 WL 1129296, at *3 (D. Kan. Mar. 12, 2019).

will not "determine the merit of the substantive content of a request for admission."[31] Rather, the court reviews the sufficiency of responses. A sufficient response must "fairly meet the substance of the requested admissions."[32] Rule 36(a)(4) provides that if a party does not admit a request for admission, its answer must specifically deny it or state in detail why it cannot truthfully admit or deny it. In evaluating the sufficiency of defendants' response, the court considers the both the "phraseology of the requests as carefully as that of the answers or objections."[33]

The court agrees that the compound request gives rise to the objections defendants raised. As courts in this district have observed, "the requesting party drafts complex requests at his peril."[34] Specifically, the compound nature of the request, as written, implies a relationship between the two independent portions of the request.[35] The court generally recognizes that requests should be answered "as far as possible with appropriate qualification or explanation, rather than objected to entirely,"[36] but defendants have given

---

[31] *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, No. 17-MD-2785-DDC-TJJ, 2019 WL 317639, at *5 (D. Kan. Jan. 24, 2019).

[32] *New Jersey v. Sprint Corp.*, No. 03-2071-JWL, 2009 WL 10708032, at *4 (D. Kan. Nov. 19, 2009).

[33] *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, 2019 WL 317639, at *6.

[34] *Id.*

[35] ECF No. 45 at 10.

[36] *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, No. CIV.A. 94-2395-GTV, 1995 WL 625744, at *6 (D. Kan. Oct. 5, 1995).

an adequate explanation in their response. Defendants state that they cannot admit or deny the request because the request "omit[s] other facts necessary to provide the context in which any of such facts should be considered."[37] The court finds that defendants have adequately responded to the request for admission under Rule 36.[38]

Privilege Log

Defendants submitted a privilege log, pursuant to Fed. R. Civ. P. Rule 26(b)(5)(A), asserting attorney-client privilege and work-product privilege for four categories of documents responsive to plaintiff's discovery requests.[39] Plaintiff argues that defendants should produce three of those files (titled, respectively, "Notepad Detail for Jane Walters," "Notepad Detail for Debbie Lowe," and "Notepad Detail for Pearl Covey") because the privileges asserted do not apply to defendants or their risk management personnel.[40] In response, defendants attached an affidavit from defendants' employee Mike Vallone, asserting that these documents contain documentation of attorney-client communication and were prepared in anticipation of litigation.[41]

---

[37] ECF No. 44-3.

[38] That said, plaintiff may re-serve the request for admission, rewritten to avoid the compound objection, as the deadline to complete discovery is October 18, 2019. *See* ECF No. 14.

[39] ECF No. 44-5.

[40] Plaintiff confirmed that the fourth category, titled "Attorney-Client File," is not at issue here. *See* ECF No. 44 at 8.

[41] ECF No. 45-1.

The work-product doctrine prevents disclosure of information that was prepared by an attorney in anticipation of litigation or for trial.[42] Defendants, as the party asserting the privilege, have the burden of establishing its application to each document.[43] They must show "(1) the materials sought to be protected are documents or tangible things; (2) they were prepared in anticipation of litigation or for trial; and (3) they were prepared by or for a party or a representative of that party."[44] The court evaluates both whether the documents in question were created *because* of the anticipation of litigation and whether the party reasonably believed the threat of litigation to be real and imminent. Generally, documents created "in the ordinary course of business or for other non-litigation purposes are not protected" under the work-product privilege.[45]

Defendants' showing is sufficient to sustain the assertion of the work-product privilege. Defendants' privilege log includes the required elements, including adequate descriptions of the documents, the dates they were prepared, the identities of the people who created the documents, and the bases of the objections for withholding discovery of the documents.[46] The affidavit establishes that the documents contain evaluation of liability and damages prepared by claims representatives acting as representatives of

---

[42] *In re Grand Jury Proceedings*, 616 F.3d 1172, 1184–85 (10th Cir. 2010).

[43] *Id.*

[44] Fed. R. Civ. P. 26(b)(3); *Kannaday v. Ball*, 292 F.R.D. 640, 648 (D. Kan. 2013).

[45] *Kannaday v. Ball*, 292 F.R.D. 640, 648 (D. Kan. 2013).

[46] *Id.* (citing *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 232 F.R.D. 669, 673 (D. Kan. 2005)).

defendants.[47] Defendants prepared the documents after requesting a statement from plaintiff, who indicated she was represented by counsel. This led defendants to reasonably believe at that point that "litigation was very much anticipated in this matter."[48] The court finds defendants have adequately asserted work-product protection for these three files.

Defendants also assert attorney-client privilege for the file titled "Notepad Detail for Jane Walters." The Tenth Circuit defines attorney-client privilege as follows:

> The attorney-client privilege protects confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor. The mere fact that an attorney was involved in a communication does not automatically render the communication subject to the attorney-client privilege; rather, the communication between a lawyer and client must relate to legal advice or strategy sought by the client.[49]

To support their claim of privilege, defendants offer the affiant's claim that the file "contains documentation of attorney-client communications between [the affiant] and defense counsel."[50] Defendants have not described the communication and its purpose to sufficiently meet their burden. However, the file is otherwise protected by work-product privilege. Defendants' objection to the production of these three files is sustained.

---

[47] ECF No. 45-1 at 1.

[48] *Id.*

[49] *Ad Astra Recovery Servs., Inc. v. Heath*, No. 18-1145-JWB, 2019 WL 1753958, at *2 (D. Kan. Apr. 19, 2019) (citing *In re Grand Jury Proceedings*, 616 F.3d 1172, 1182 (10th Cir. 2010)).

[50] *See* ECF No. 45-1.

14

IT IS THEREFORE ORDERED that plaintiff's motion is denied in part and granted in part for the reasons stated above.

IT IS FURTHER ORDERED that by **September 4, 2019,** defendants shall respond, without objection, to Document Request Nos. 4, 8, 48, and 49, as modified by the court. Defendants shall also supplement their responses to Interrogatories 10 and 14.

IT IS SO ORDERED.

Dated August 20, 2019, at Kansas City, Kansas.

                                              s/ James P. O'Hara
                                              James P. O'Hara
                                              U.S. Magistrate Judge