# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JANE WALTERS,

        *Plaintiff,*

vs.

        Case No. 19-1010-EFM

DOLLAR GENERAL CORPORATION and
DG RETAIL LLC,

        *Defendants.*

## MEMORANDUM AND ORDER

Before the Court is Defendants Dollar General Corporation and DG Retail LLC's Motion to Dismiss Plaintiff's Claim for Punitive Damages or, in the Alternative, to Strike said Claim (Doc. 18). For the reasons stated below, the Court denies Defendants' motion.

## I.      Factual and Procedural Background

Jane Walters brings this action against Defendants under diversity jurisdiction for a personal injury she sustained on June 3, 2018, after tripping and falling on a sidewalk outside of Defendants' store in Pratt, Kansas. She alleges, among other things, that Defendants were negligent in their inspection and maintenance of the sidewalk. Walters filed this suit on January 17, 2019, seeking both compensatory and punitive damages. Defendants now move to dismiss, or

in the alternative, to strike Walters' punitive damages claim, arguing that she violated K.S.A. § 60-3703 by including that claim in her complaint without first seeking leave of the Court.

## II.     Legal Standard

In diversity cases, the *Erie* doctrine instructs that federal courts must apply state substantive law and federal procedural law.[1]  "When a situation is covered by one of the Federal Rules, the question facing the court is a far cry from the typical, relatively unguided *Erie* Choice: the court has been instructed to apply the Federal Rule, and can refuse to do so only if . . . the Rule in question transgresses . . . the terms of the [Rules] Enabling Act."[2]  When faced with a choice between a state rule and an allegedly conflicting federal rule, the Court follows a two-step framework.[3]  First, the Court must decide "whether the scope of the federal rule is sufficiently broad to control the issue before the court, thereby leaving no room for the operation of seemingly conflicting state law."[4]  When conducting this analysis, the federal rules should be given their plain meaning.[5]  There is a conflict only if there is a "direct collision" between federal and state law—one that is "unavoidable."[6]  If the state and federal rules "can exist side by side . . . each controlling its own intended sphere of coverage," there is no conflict.[7]

---

[1] *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1216–17 (10th Cir. 2011).

[2] *Hanna v. Plumer*, 380 U.S. 460, 471 (1965).

[3] *Racher v. Westlake Nursing Home Ltd. P'ship*, 871 F.3d 1152, 1162 (10th Cir. 2017).

[4] *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co*., 559 U.S. 393, 421 (2010) (Stevens, J., concurring) (internal quotations omitted).

[5] *Walker v. Armco Steel Corp*., 446 U.S. 740, 750 n.9 (1980).

[6] *Id*. at 749–50 (internal citations omitted).

[7] *Id*. at 752.

If there is a direct collision between the state law and the federal rule, the Court proceeds to the second step and must determine whether the federal rule is valid.[8]  If it is, that rule governs the dispute.[9]  If there is no direct collision, the Court's analysis proceeds under *Erie*.[10]  The federal rule is valid if it does not "abridge, enlarge or modify any substantive right" established under state law.[11]  Ultimately, the Court looks to "whether the federal procedural rule has displaced 'a State's definition of its own rights or remedies.' "[12]

### III.     Analysis

Defendants seek to dismiss Walters' punitive damages claim, arguing that, in light of the Supreme Court's decision in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, K.S.A. § 60-3703 applies to pleadings in diversity cases.  In arguing for this interpretation, Defendants ask the Court to overturn its longstanding precedent that the Federal Rules of Civil Procedure govern the pleading of punitive damages.  The Court will proceed with the two-step analysis outlined above to determine whether the federal rules or K.S.A. § 60-3703 governs this issue.

Under the first step of the *Shady Grove* analysis, the Court determines if there is a direct conflict between the federal and state rules.[13]  If the federal rule, based on its plain meaning, is sufficiently broad to control the issue, leaving no room for the state rule to operate, then there is a

---

[8] *Shady Grove*, 559 U.S. at 422.

[9] *Id*. at 398.

[10] *Racher*, 871 F.3d at 1163.

[11] *Shady Grove*, 559 U.S. at 418.

[12] *Racher*, 871 F.3d at 1164 (citing *Shady Grove*, 559 U.S. at 418).

[13] *Shady Grove*, 559 U.S. at 421.

direct conflict.[14]   In this case, Federal Rule of Civil Procedure 9(g) requires a plaintiff to specifically state claims for special damages.[15]   Rule 8(a) requires a plaintiff to include in her complaint "a demand for the relief sought."[16]   Plaintiffs can amend a complaint once as a matter of right within 21 days of service.[17]   If they want to amend more than once, plaintiffs must seek leave to do so, and Rule 15(a)(2) instructs the Court to "freely give leave when justice so requires."[18]   On the other hand, K.S.A. § 60-3703 requires a plaintiff to seek court approval before pleading special damages.[19]   Only after obtaining such approval can the plaintiff amend her pleadings to include the punitive damages claim.[20]   Unlike K.S.A. § 60-3703, the Federal Rules do not require a plaintiff to seek court approval to plead punitive damages.[21]

The Court concludes that a direct conflict exists between the federal and state rules.  The Kansas statute prohibits a plaintiff from pleading punitive damages without first seeking leave of the Court, with such leave only being granted after an evidentiary showing of a probability that the plaintiff will prevail on the claim.  In contrast, the federal rules require a plaintiff to assert a punitive damage claim without an evidentiary showing in support of the claim.  The Court

---

[14] *Id.*

[15] Fed. R. Civ. P. 9(g) ("If an item of special damage is claimed, it must be specifically stated.").

[16] Fed. R. Civ. P. 8(a).

[17] Fed. R. Civ. P. 15(a)(2).

[18] *Id.*

[19] K.S.A. § 60-3703 ("Not tort claim or reference to a tort claim for punitive damages shall be included in a petition or other pleading unless the court enters an order allowing an amended pleading that includes a claim for punitive damages to be filed.").

[20] *Id.* ("The court may allow the filing of an amended pleading claiming punitive damages on a motion by the party seeking the amended pleading and on the basis of the supporting and opposing affidavits presents that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.").

[21] *Vance ex rel. Wood v. Midwest Coast Transp., Inc.*, 314 F. Supp. 2d 1089, 1090 (D. Kan. 2004) ("Courts in this district have repeatedly held that claims for punitive damages are properly pled in the complaint without court order.").

concludes that these rules each seek to control the same intended sphere of coverage and that they therefore cannot exist side-by-side. As such, there is a direct conflict under the first step of the *Shady Grove* analysis.

Proceeding on to the second step in the analysis, the Court must determine whether the federal rules constitute a valid exercise of authority by the Supreme Court under the Rules Enabling Act.[22] In other words, the Court must determine whether the federal rules "abridge, enlarge or modify" a substantive right under Kansas state law.[23] Ultimately, the Court looks to "whether the federal procedural rule has displaced 'a State's definition of its own rights or remedies.'"[24]

"It is well established in this district that K.S.A. § 60–3703 is purely procedural and does not apply in federal court."[25] Courts in this district have repeatedly found that the federal rules govern the pleading of punitive damages in diversity cases.[26] More recently, in a case very similar to this one, another court in this District ruled that the federal rules constitute a valid exercise of authority under the Rules Enabling Act.[27] Furthermore, Defendants point to no Tenth Circuit case directly addressing this issue.

The Court declines to overturn its longstanding precedent. K.S.A. § 60-3703 is purely procedural. The Federal Rules of Civil Procedure governing the pleading of punitive damages are

---

[22] 28 U.S.C. § 2072.

[23] *Shady Grove*, 559 U.S. at 418.

[24] *Racher*, 871 F.3d at 1164 (citing *Shady Grove*, 559 U.S. at 418).

[25] *Centrinex, LLC v. Darkstar Grp., LTC*, 2015 WL 6553890 at *3 (D. Kan. 2015).

[26] *See, e.g.*, *Schnuelle v. C & C Auto Sales, Inc.*, 99 F. Supp. 2d 1294, 1299 (D. Kan. 2000); *Baumann v. Hall*, 1998 WL 513008 (D. Kan. 1998); *Whittenburg v. L.J. Holding Co.*, 830 F. Supp. 557 (D. Kan. 1993); *Heil v. Scholastic Book Fairs, Inc.*, 1997 WL 222407 (D. Kan. 1997).

[27] *D.M. by & through Morgan v. Wesley Med. Ctr. LLC*, 2019 WL 2448574, at *7 (D. Kan. 2019).

also purely procedural. Therefore, the conflict in this case does not "abridge, enlarge or modify" a substantive right under Kansas state law. As such, under the second step of the *Shady Grove* analysis, the federal rules are a valid exercise of authority under the Rules Enabling Act.

The Court concludes that there is a direct conflict between the federal rule and Kansas state law. Since the federal rules are a valid exercise of authority in this instance, they govern the case. The Defendants offer no compelling arguments that convince this Court to overturn its longstanding precedent. As a result, the Court declines to apply K.S.A. § 60-3703 in this case.

**IT IS THEREFORE ORDERED** that Defendants Dollar General Corporation and DG Retail LLC's Motion to Dismiss Plaintiff's Claim for Punitive Damages or, in the Alternative, to Strike said Claim (Doc. 18) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 6th day of November, 2019.



ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE