**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JANE WALTERS,                              )<br>            Plaintiff,                         )<br>                                                     )<br>vs.                                                )<br>                                                     )<br>DOLLAR GENERAL CORPORATION,  )<br>DG RETAIL LLC, and                      )<br>IIM, INC., dba Innovations in Management,  )<br>            Defendants.                     )<br>_____) | Case No.  19-1010-EFM |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS, AND FOR ORDER FOR SECOND MEDIATION**

COMES NOW the Plaintiff, Jane Walters, and submits Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Attorney's Fees and Costs, and for an Order for a Second Mediation with the decision-makers from both Dollar General and CHUBB present in person.

Defendants do not dispute any of the facts set forth in the Factual Background contained in Plaintiff's Motion, though without reference to any specific evidence Defendants state that they "vehemently disagree with Plaintiff's mischaracterization of much of the evidence." To the extent that every sentence did not have a citation to evidentiary support, Plaintiff hereby incorporates the Statements of Uncontroverted Facts and supporting evidence which is set forth in Plaintiff's Motion for Summary Judgment on the Dollar General defendants' affirmative defense of comparison of fault.

Plaintiff takes issue with Defendants claim that "Plaintiff's motion seeks sanctions based on the assertion that Mr. Vallone's final settlement offer was inadequate". That is not Plaintiff's claim at all. Plaintiff's Motion is based on the fact that Dollar General did not bring the decision makers from Dollar General and CHUBB to the mediation, and that the junior claims handler who was sent

to the mediation had to call corporate headquarters in Tennessee and excluded the mediator from participating in the call. Mr. Vallone was not given any additional authority and the mediator was not allowed to speak with the decision-maker at Dollar General Corporation headquarters, so the mediation ended at 11:08am - two hours and 8 minutes after it started.

Plaintiff made clear prior to the mediation that Plaintiff expected Dollar General to comply with the Rule 16.3( c)(2) and *Long v. Am. Family Mut. Ins. Co.,* No. 19-4036-HLT-ADM, 2019 U.S. Dist. LEXIS 193885 (D. Kan. Nov. 7, 2019).

Sending Mr. Vallone, whose own actions make him a witness in the case and whose actions create liability for Dollar General, and who had no decision-making authority is the exact opposite of the decision-maker whose attendance was mandatory.

As stated to the Court during the Pretrial Conference on July 28, 2020, the settlement offers made by Plaintiff at mediation were the precise dollar figures recommended by the mediator. Plaintiff is certainly willing to waive the confidentiality of mediation so that the Court may confirm the veracity of Plaintiff's statements set forth in the Motion, the attached Affidavit, and this Reply. But instead of allowing the mediator to speak to the decision-maker at corporate headquarters, Dollar General chose to exclude the mediator. After the call the mediator was informed that no additional authority had been given.

In a footnote, Dollar General falsely claims that defense counsel attempted to resolve this motion. Defense counsel did offer to pay the mediator's fees, but refused to offer anything whatsoever for Plaintiff's attorney's fees or other expenses.

In conclusion, the issue is not the value of the case. The parties are free to have differing opinions about the value of the case. The issue is that Dollar General did not bring a decision-maker from Dollar General or from CHUBB to mediation. As a result the mediation did not have any

2

chance at being successful since the decision-maker did not get to see or hear the mediator and was insulated by defense counsel and the junior claims handler who has a personal stake as a witness in the case. Likewise, without CHUBB to put pressure on Dollar General to settle the matter within their retention, the decision-makers at Dollar General had no incentive to get the matter resolved at mediation.

Based on the facts arguments and authorities set forth herein, Plaintiff respectfully submits that Dollar General should be assessed with fees and costs, and that Dollar General and CHUBB should be ordered to attend a second mediation with the decision-makers from Dollar General and CHUBB present in person.

        Respectfully submitted,

        /s/ Matthew L. Bretz
        Matthew L. Bretz, SC # 15466
        **BRETZ & YOUNG, L.L.C.**
        3 Compound Drive
        P.O. Box 1782
        Hutchinson, KS 67504-1782
        (620) 662-3435
        Fax (620) 662-3445
        Matt@byinjurylaw.com
        Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 26, 2020, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Justen P. Phelps
Andrew G. Marion
GIBSON WATSON MARINO, LLC
301 N. Main, Suite 1300
Wichita, KS 67202
andrew@gwmks.com
justen@gwmks.com
Attorneys for Defendants

/s/Matthew L. Bretz
Matthew L. Bretz, SC # 15466
**BRETZ & YOUNG, L.L.C.**
3 Compound Drive
P.O. Box 1782
Hutchinson, KS 67504-1782
(620) 662-3435
Fax (620) 662-3445
Matt@byinjurylaw.com
Attorney for Plaintiff