UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JANE WALTERS,                                    )
                                                 )
                    Plaintiff,                   )
                                                 )
v.                                               )          Case No.  19-cv-1010-EFM
                                                 )
DOLLAR GENERAL CORPORATION, et al., )
                                                 )
                    Defendants.                  )

## **ORDER**

In this personal injury and negligence case, plaintiff Jane Walters has filed a motion for attorney's fees/costs and an order directing a second mediation because she contends defendants Dollar General Corporation and D.G. Retail, LLC did not send a representative with full settlement authority to mediation (ECF No. 84).  Because the court is satisfied defendants' representative at the mediation did have appropriate settlement authority, the motion is denied.

Plaintiff brings this case seeking damages arising from her June 3, 2018 fall on the sidewalk outside a Dollar General store in Pratt, Kansas.  Plaintiff alleges defendants negligently maintained the sidewalk in disrepair.  The scheduling order required the parties to mediate by May 8, 2020,[1] but the parties reached an agreement to delay mediation in

---

[1] ECF No. 54, at 2.

O:\ORDERS\19-1010-EFM-84-d2.docx

light of COVID-19 concerns.[2]  The parties scheduled mediation with Dennis Gillen for July 16, 2020.[3]

In advance of mediation, Mr. Gillen sent counsel a letter requesting "that each party have physically present at the mediation their respective client and/or a representative who has full settlement authority."[4]  The parties met to mediate at Mr. Gillen's office.  Plaintiff attended personally with her counsel.  Defendants sent Michael Vallone, a claim representative employed by Dollar General, to represent them at the mediation, along with defense counsel.  The mediation ended unsuccessfully after about two hours.  Plaintiff asserts defendants violated D. Kan. Rule 16.3(c)(2) (as well as Mr. Gillen's request) by not sending a representative with full settlement authority to the mediation, thus resulting in the unsuccessful result.

D. Kan. Rule 16.3(c)(2) governs attendance at mediation.  It mandates "[a]ttendance by a party or its representative with settlement authority," as well as the "attorney(s) responsible for resolution of the case."[5]  As the rule explains, "[t]he purpose of this requirement is to have the party or representative who can settle the case present at the mediation."[6]  The parties agree caselaw has interpreted Rule 16.3 as requiring the presence

---

[2] ECF No. 80.

[3] *Id.*

[4] ECF No. 84-1 at 4.

[5] D. Kan. Rule 16.3(c)(2).

[6] *Id.*

of a corporate representative who has "full, meaningful authority" to settle claims, without having to communicate with others in the corporation or an insurer before accepting an offer during mediation.[7]   In other words, "[h]e or she is the person who has authority to meet the other party's demands, even if he or she chooses not to do so."[8]  When a party does not send a decisionmaker to the mediation, the purpose of mediation is frustrated "by insulating the party from the mediator's counsel and advice."[9]   "[A] party that fails to comply with D. Kan. Rule 16.3 may face sanctions under Fed. R. Civ. P. 16(f)."[10]

The parties disagree about whether Mr. Vallone had full authority to settle plaintiff's claims.  In seeking sanctions, plaintiff alleges that Mr. Vallone was a junior claims adjuster who had very limited settlement authority.  Plaintiff suggests that, going into the mediation,

---

[7] ECF No. 84 at 11-12 (quoting *Inter-Ocean Seafood Trader, Inc. v. RF Int'l, Ltd,* No. 12-2268-KGG, 2013 WL 441065, at \*2 (D. Kan. Feb. 5, 2013); ECF No. 89 at 2 (quoting *Turner v. Young*, 205 F.R.D. 592, 595 (D. Kan. 2002)).

[8] *Turner*, 205 F.R.D. at 595.  *See also Long v. Am. Family Mut. Ins. Co.*, No. 19-4036-HLT, 2019 WL 5819968, at \*2 (D. Kan. Nov. 7, 2019) (holding the decisionmaker present must have the ability to "make decisions without checking with someone else").

[9] *Inter-Ocean Seafood Trader*, 2013 WL 441065, at \*5.

[10] *Long,* 2019 WL 5819968, at \*2 (citing D. Kan. Rule 16.3(c)(5) (providing for sanctions under Fed. R. Civ. P. 16(f)); Fed. R. Civ. P. 16(f)(1)(C) (providing for sanctions for failing to obey a scheduling order); *Turner*, 205 F.R.D. at 595 (warning that failure to send a representative with settlement authority exhibits "a lack of good faith, and could warrant sanctions under Fed. R. Civ. P. 16(f)"); *see also Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.").

3

Mr. Vallone only had authority to settle the case for an amount that was "a nonstarter."[11] Plaintiff contends Mr. Vallone "had to call Dollar General headquarters" during the mediation to obtain "meaningful authority" to settle plaintiff's claims for a higher amount.[12] According to plaintiff, "Mr. Vallone was not given any additional authority and the mediator was not allowed to speak with the decision-maker at Dollar General Corporation headquarters, so the mediation ended."[13] Plaintiff also complains that a decisionmaker from CHUBB, Dollar General's insurance carrier, did not attend the mediation.

Defendants counter that Mr. Vallone had full settlement authority. They present Mr. Vallone's sworn affidavit, in which he attests he was the claims adjuster assigned to plaintiff's claim from the start, personally assessed the risk to defendants should the case proceed to trial, and determined what he believed to be "a reasonable settlement value."[14] Mr. Vallone states that during the mediation, he openly sought and considered the mediator's guidance, and that he had "full settlement authority to resolve the case."[15] Mr. Vallone states he was *not* required to call anyone for clarification or authority to settle.[16]

---

[11] ECF No. 84 at 10 n.1.

[12] *Id.* at 11.

[13] *Id.* at 10.

[14] ECF No. 89-1 at 2.

[15] *Id.* 2-3.

[16] *Id.* at 3.

4

Rather, he explains he called his boss to report the results of the mediation *after* he had conveyed defendants' last "best offer" to plaintiff and plaintiff had rejected it.[17]

Addressing plaintiff's assertion that CHUBB should have sent a representative to the mediation, defendants argue there was no practical or legal reason for CHUBB's presence. First, Dollar General is self-insured for $750,000 of coverage, and CHUBB is simply an excess carrier for liability above that amount.[18] Because defendants' valuation of the settlement of the case was much lower than the self-insured policy limit, defendants assert there was no practical reason for CHUBB's presence. Second, defendants point to various policy exclusions, such as the absence of coverage for settlement expenses or punitive damages, "which encompass[] the vast majority of Plaintiff's demand."[19]

The court has carefully reviewed the briefs and record in this case. The court finds Mr. Vallone's testimony—made under oath—to be persuasive. Although plaintiff has made conclusory statements in her briefs that Mr. Vallone "had to call corporate headquarters in Tennessee . . . [and] had no decision-making authority,"[20] plaintiff has presented *no evidence* that refutes Mr. Vallone's contrary testimony. Plaintiff states the settlement offers she made at mediation "were the precise dollars figures recommended by

---

[17] *Id.* at 3-4.

[18] ECF No. 89-1 at 12; *see also* ECF No. 84-1 at 47-49 (policy).

[19] ECF No. 89-1 at 4.

[20] ECF No. 94 at 2.

5

the mediator," yet the case did not settle.[21]  While the court does not doubt this statement, it is apropos to nothing.  The court's role is to bring the parties together and to ensure they engage in a good-faith discussion with a neutral party who can offer "counsel and advice."[22]  Mr. Vallone testified that he "openly received the mediator's insights" and sought "his input on various aspects of the case."[23]  Plaintiff seems to be frustrated by defendants' settlement offers, but "the court cannot, nor will it, force the parties to settle."[24]

The facts here are similar to those in *EEOC v. Akal Security, Inc*.[25]  There, the plaintiffs also sought sanctions on the basis that the defendant allegedly "failed to bring a representative with full settlement authority to the mediation conference [and] failed to have an insurance representative attend the mediation conference."  U.S. Magistrate Judge Karen Humphreys noted the "factual disagreements" in the parties' briefs "would require a mini-trial to sort out."[26]  She refused to conduct such "litigation within litigation," but ultimately concluded defendant's representative "attended the mediation conference with full settlement authority."[27]  She recognized the reason the case did not settle is because

---

[21] ECF No. 94 at 2.

[22] *Inter-Ocean Seafood Trader*, 2013 WL 441065, at *5.

[23] ECF No. 89-1 at 2.

[24] *Turner*, 205 F.R.D. at 596.

[25] No. 08-1274, 2010 WL 3791705, at *6 (D. Kan. Aug. 31, 2010).

[26] *Id.* at n.13.

[27] *Id.* at *6.

the parties simply disagreed on the value of the case, and she denied the motion for sanctions.[28]  The court concludes a similar approach is warranted here.

Finally, the court rejects plaintiff's suggestion that defendants' insurer, CHUBB, was required to be at the mediation.  First, as a legal matter, it is well established that Rule 16.3(c)(2) does not require non-party insurance companies to attend mediation.[29]  Plaintiff has not stated, and the court cannot fathom, what authority defendants (or the court) could have to mandate the presence of a non-party.[30]  Second, as a practical matter, CHUBB's position as an excess insurer and its exclusion of punitive-damage coverage made it unlikely CHUBB's coverage would come into play in this case.  This court has ruled, "[e]ven assuming the court had the authority to require nonparty insurers to appear for

---

[28] *Id.*

[29] *See, e.g., Booth v. Davis*, No. 10-4010-RDR, 2014 WL 4284925, at *1 (D. Kan. Aug. 29, 2014) ("[Rule 16.3(c)(2)] does not require the attendance of nonparty insurance carriers when the party plans to personally appear at mediation."); *Topolski v. Chris Leef Gen. Agency, Inc.*, No. 11-CV-02495-JTM, 2012 WL 3238116, at *2 (D. Kan. Aug. 7, 2012) ("D. Kan. R. 16.3(c)(2) only requires attendance by 'a party or its representative' and not insurance carrier nonparties."); *Akal Sec.*, 2010 WL 3791705, at *6*; Lamastus v. Bethany Home Ass'n,* No. 05-1309-MLB, 2006 WL 1360578, at *4 (D. Kan. May 18, 2006) (holding Rule 16.3(c)(2) encourages, but grants discretion to, "interested non-parties" to appear at mediation).

[30] *See Akal Sec.*, 2010 WL 3791705, at *6 ("It is unclear how [defendant] could have compelled the carrier to participate short of initiating a separate action against the carrier."); *see also, Lamastus,* 2006 WL 1360578, at *4 ("Rule 16(f) contains no provision for the imposition of sanctions against a nonparty.").

mediation, their presence would not appear to serve any practical purpose if their position is that coverage does not exist for plaintiffs' claims."[31]

In the end, there is no evidence in the record that supports a finding that defendants violated Rule 16.3(c)(3) or a court order, and sanctions are inappropriate.

IT IS THEREFORE ORDERED that plaintiff's motion for sanctions and a second mediation is denied.

Dated August 27, 2020, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[31] *Booth*, 2014 WL 4284925, at *2.

O:\ORDERS\19-1010-EFM-84-d2.docx