### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

JANE WALTERS,

   *Plaintiff,*

vs.

   Case No. 19-1010-EFM

DOLLAR GENERAL CORPORATION, et al.,

   *Defendants.*

## MEMORANDUM AND ORDER

  Before the Court are Plaintiff Jane Walters, Defendant Dollar General Corporation, and Defendant DG Retail, LLC's (collectively "Dollar General") Motions for Summary Judgment (Docs. 90 and 96). Jane Walters brings this action under diversity jurisdiction for a personal injury she sustained on June 3, 2018, after tripping and falling on a sidewalk outside of Dollar General's store in Pratt, Kansas. She alleges, among other things, that Dollar General was negligent in its inspection and maintenance of the sidewalk. For the following reasons, the Court grants in part and denies in part the motions for summary judgment.

## I. Factual and Procedural Background[1]

On June 3, 2018, Walters tripped and fell on the sidewalk in front of Dollar General's store in Pratt, Kansas. On her way out of the store, Walter's tripped on a "hole" while carrying flower pots that obstructed her view of the sidewalk. Walters testified that the hole that caused her to trip was deep enough that "quite a bit of the top part of the front of [her] foot went in."[2] While there were multiple irregularities in the surface of the sidewalk, no one measured the cracks in the sidewalk at the time of the accident.

As far back as 2009, Dollar General considered the condition of the sidewalk to be a "trip hazard." Over the years, it made minor repairs to fix the defects. Approximately 250-300 customers entered the store each day via the sidewalk and the store manager, Janelle Verstraete, testified that during the preceding five years, she could recall only two accidents. It is unclear whether these two prior accidents resulted from the same defect that caused Walters' fall. As often as three to five times per month, customers complained to Dollar General employees about the condition of the sidewalk. The employees frequently reported these complaints to Dollar General's management. In one instance, a ticket filed by an employee to Dollar General's corporate department stated that "the sidewalk . . . has been cracked very badly for years and customers continue to trip . . . ."[3] In another ticket, Verstraete stated that the "sidewalk is all buckled up and holes in sidewalk [sic]" and that it was "very dangerous to customers . . . ."[4]

---

[1] In accordance with summary judgment procedures, the Court sets forth the facts in the light most favorable to the non-moving party.

[2] Doc. 97-3, at 46.

[3] Doc. 101-9, at 3.

[4] Doc. 101-9, at 4.

However, Dollar General and senior manager of facility maintenance, Anne Marie Heisse, did not think that the sidewalk presented an imminent danger to customers entering or exiting the store. Nevertheless, Dollar General hired contractors to fix parts of the sidewalk.

Defendant IIM, Inc., contracted with Dollar General to provide facility and premises repair services between November 2013 and November 2016. On or about June 12, 2016, a customer tripped and fell on the sidewalk in front of Dollar General's Pratt store. The customer reported toe and hip injuries and stated that the concrete causing her fall was uneven by about a quarter of an inch. In response, Verstraete entered a service request ticket with IIM to repair cracks in the sidewalk, reporting that "the sidewalk is very uneven and broken . . . ."[5] IIM "parked" the ticket, meaning that it would eventually be addressed after being bundled with other services. The sidewalk was not repaired at that time and Dollar General did not press IIM to repair the defects immediately. On April 12, 2017, another customer tripped and fell on the sidewalk. This time, Verstraete entered a service request ticket with Dollar General's own facility maintenance to have the sidewalk repaired, which Heisse addressed by soliciting a quote from a local paving company. This request initiated a back-and-forth process between Dollar General and the paving company in preparation for the repair. The paving company eventually ceased responding and Dollar General employees failed to follow up on the ticket. Also in April 2017, a Dollar General employee emailed Heisse, stating: "We have a store that is having a large amount of accidents on a sidewalk in disrepair."[6] Ultimately, the sidewalk remained in disrepair until Walters' accident on June 3, 2018.

---

[5] Doc. 101-9, at 2.

[6] Doc. 91-12, at 1.

In furtherance of its request for pavement repair services before Walters' accident, Dollar General photographed the cracks in the sidewalk. There are four pictures of the pertinent areas. The first one depicts a crack, bulge, and apparent patchwork attempt. Taken together, these defects appear to have resulted in a hole, although it is unclear from the picture how deep the hole may have been. Walters identified this hole as the cause of her accident. Pictures two and three show a hairline crack running along the sidewalk's edge facing the parking lot. Picture four shows a recessed concrete slab in the sidewalk causing a lip with the adjoining slab. It is unclear from the pictures exactly how deep any of the defects were and, to reiterate, no one measured the cracks in the sidewalk at the time of Walters' accident. However, following Walters' accident, Dollar General district manager Charles Robb entered a ticket with Dollar General's corporate office which stated in part: "Can we please get this fixed asap? The buckle is so big it takes up over half the sidewalk."[7]

Walters alleges, among other things, that Dollar General was negligent in their inspection and maintenance of the sidewalk. Walters seeks both compensatory and punitive damages. Dollar General moved to dismiss, which the Court denied on November 6, 2019. Walters proceeds with four claims under Kansas law: negligence, wanton/reckless conduct, nuisance, and negligence per se. Defendant IIM, Inc., is in default and did not appear for the pretrial conference. Walters intends to proceed to trial against IIM only if she fails to prevail on her motion for partial summary judgment against Dollar General's fault comparison defense. Dollar General now moves for summary judgment against all of Walters' claims. Walters likewise moves for summary judgment against Dollar General's defense of comparison of fault against IIM.

---

[7] Doc. 101-9, at 1.

## II.  Legal Standard

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[8]  A fact is "material" when it is essential to the claim, and issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor.[9]  The movant bears the initial burden of proof and must show the lack of evidence on an essential element of the claim.[10]  The nonmovant must then bring forth specific facts showing a genuine issue for trial.[11]  These facts must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits—conclusory allegations alone cannot survive a motion for summary judgment.[12]  The court views all evidence and reasonable inferences in the light most favorable to the non-moving party.[13]

## III.  Analysis

### A.  Walters' Negligence Claims

Dollar General first seeks summary judgment on Walters' negligence claim, arguing that the "slight defect" rule bars Walters' recovery.  To succeed on a negligence claim under Kansas law, a plaintiff must prove: "the existence of a duty, breach of that duty, injury, and a causal

---

[8] Fed. R. Civ. P. 56(a).

[9] *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006) (citing *Bennett v. Quark, Inc.*, 258 F.3d 1220, 1224 (10th Cir. 2001)).

[10] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

[11] *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005) (citation omitted).

[12] *Mitchell v. City of Moore*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670–71 (10th Cir. 1998)).

[13] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004) (citation omitted).

connection between the duty breached and the injury suffered."[14]  Negligence cases typically present factual determinations for a jury, not legal questions for the court.[15]  However, questions regarding the existence of the duty element are purely legal determinations.[16]  Therefore, if a court concludes that a defendant did not have a duty to act in a certain manner toward the plaintiff, then the defendant cannot be liable, and the court may properly grant summary judgment in the defendant's favor.[17]

Dollar General contends that the Court should grant summary judgment in its favor because the "slight defect" rule under Kansas law bars Walters' claim.  The slight defect rule is a judicially created rule "that negates the existence of a duty that might otherwise exist."[18]  Under the rule, "slight variances in the level of sidewalk surfaces, whether caused by projections, depressions or otherwise, are not sufficient to establish actionable negligence in the construction or maintenance of the sidewalk."[19]  A court may decide as a matter of law whether the slight defect rule bars a plaintiff's claim.[20]  "Courts generally rely on the well-established rule that a sidewalk defect is actionable, that is, it presents a jury question, only when the defect is such that a reasonably prudent person should anticipate some danger to persons walking on it."[21]  "[E]ach case must be

---

[14] *Nero v. Kan. State Univ.*, 253 Kan. 567, 861 P.2d 768, 772 (1993) (citation omitted).

[15] *Deal v. Bowman*, 286 Kan. 853, 188 P.3d 941, 946 (2008).

[16] *Nero*, 861 P.2d at 772 (citation omitted).

[17] *Line v. Sears & Roebuck & Co.*, 2011 WL 4348312, at *2 (D. Kan. 2011) (citation omitted).

[18] *Id*. at *3 (citations omitted).

[19] *Sepulveda v. Duckwall-Alco Stores, Inc*., 238 Kan. 35, 708 P.2d 171, 173 (1985) (citation omitted).

[20] *Line*, 2011 WL 4348312, at *4 (citation omitted).

[21] *Id*.

determined on its own facts."[22]  Kansas courts have applied the slight defect rule in cases where the sidewalk defect ranged from less than an inch to as many as three inches.[23]

The Court concludes that there is a genuine dispute of material fact at issue in this case precluding summary judgment.  Walters contends that the defect in Dollar General's sidewalk was deep enough to cover half of her foot.  The pictures taken before the accident reveal multiple cracks, chips, and holes in the sidewalk, but are unclear as to the severity or depth of the defects.  Notably, these pictures show the sidewalk as it existed roughly 15 months before Walters' accident.  Dollar General argues that the Court should rely on these pictures alone in holding that no factual dispute exists.  However, multiple Dollar General employees, managers, and customers testified that the sidewalk defects were severe and dangerous.  While no evidence clearly establishes measurements for the severity of the defects, the pictures considered in conjunction with the testimony and other evidence in the record presents a genuine issue of material fact.  As a result, the Court denies Dollar General's motion for summary judgment on Walters' negligence claim.

**B.     Walters' Punitive Damages Claim**

In addition to compensatory damages for Dollar General's alleged negligence, Walters seeks punitive damages.  Dollar General moves for summary judgment on this claim, arguing that Walters cannot establish by clear and convincing evidence that Dollar General acted willfully or wantonly.  "[T]he determination of whether a given factual dispute requires submission to a jury

---

[22]    *Id.* (citation omitted).

[23]    *See, e.g.*, *Blankenship v. Kansas City*, 156 Kan. 607, 135 P.2d 538, 541–42 (1943) (holding that a defect of missing bricks leaving a depression two inches deep was a slight defect); *Taggart v. Kansas City*, 156 Kan. 478, 134 P.2d 417, 419 (1943) (holding that a three inch "step-down" between sidewalk slabs was a slight defect); *Barnett-Holdgraf v. Mut. Life Ins. Co. of New York*, 27 Kan. App. 2d 267, 3 P.3d 89, 94 (2000) (holding that hole in concrete from one to three inches deep was covered under the slight defect rule).

must be guided by the substantive evidentiary standards that apply to the case."[24]  Under Kansas law, "[i]n any civil action where claims for exemplary or punitive damages are included, the plaintiff shall have the burden of proving, by clear and convincing evidence in the initial phase of the trial, that the defendant acted toward the plaintiff with willful conduct, wanton conduct, fraud or malice."[25]  "Evidence is clear and convincing if it shows that the truth of the fact asserted is highly probable."[26]  As such, to withstand summary judgment, Walters must show that it is highly probable that Dollar General acted willfully or wantonly.[27]

"On a sliding scale, wanton behavior falls between negligent behavior and willful or malicious misconduct. Wanton acts are those showing that the defendant realized the imminence of injury to others and refrained from taking steps to prevent injury because of indifference to the ultimate outcome . . . ."[28]  In support of summary judgment, Dollar General primarily argues that Walters failed to meet her evidentiary burden to show that a reasonable jury could conclude that Dollar General's employees realized the imminence of potential injury resulting from the sidewalk and a complete indifference as to whether such injury occurred.  Dollar General overestimates the effect of the higher evidentiary burden, however.  Walters correctly notes that "[i]n Kansas a plaintiff is entitled to have the jury consider his punitive damage claim if *any reasonable view* of the evidence would support an award of punitive damages."[29]  The Court concludes that Walters

---

[24] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

[25] K.S.A. § 60-3701(c).

[26] P.I.K. Civil 4th 171.44.

[27] *See All W. Pet Supply Co. v. Hill's Pet Prod. Div., Colgate-Palmolive Co.*, 840 F. Supp. 1426, 1432 (D. Kan. 1993).

[28] *Adamson v. Bicknell*, 295 Kan. 879, 287 P.3d 274, 281–82 (2012).

[29] *Johnson v. Colt Indus. Operating Corp.*, 797 F.2d 1530, 1536 (10th Cir. 1986) (citations omitted and emphasis added).

has met her burden of showing a factual dispute. There is sufficient evidence based on numerous employees' testimony and company repair records to support reasonable inferences that Dollar General may have realized the imminence of injury and nevertheless acted indifferently.

However, the Court concludes that summary judgment in favor of Dollar General is appropriate. Dollar General Corporation and DG Retail, LLC are legal entities that can only act through their employees as agents. "In no case shall exemplary or punitive damages be assessed pursuant to this section against [a] principal or employer for the acts of an agent or employee unless the questioned conduct was authorized or ratified by a person expressly empowered to do so on behalf of the principal or employer."[30] Both state and federal courts in Kansas have granted summary judgment in cases where the plaintiff lacked evidence of authorization or ratification.[31] Likewise, in this case, Walters has failed to show any evidence that a person with express authority to act on behalf of Dollar General explicitly or implicitly authorized or ratified its employees' potentially wanton conduct. As such, Walters has failed to meet her burden to show a factual dispute and the Court therefore grants summary judgment to Dollar General on the punitive damages claim.

## C.     Walters' Other Claims

Dollar General also seeks summary judgment on Walters' remaining claims, which are nuisance and negligence per se. First, Kansas law recognizes two forms of nuisance claims: private and public. To prevail under a private nuisance claim, a plaintiff must establish four elements:

> "(1) The defendant acted with the intent of interfering with the use and enjoyment of the land by those entitled to that use; (2) there was some interference with the

---

[30] K.S.A. § 60-3701(d)(1).

[31] *See, e.g.*, *Smith v. Printup*, 254 Kan. 315, 866 P.2d 985 (1993); *Ducharme ex rel. Rogers v. Bd. of Cty. Comm'rs*, 2011 WL 2173684 (D. Kan. 2011); *Stallings v. Werner Enters., Inc.*, 598 F. Supp. 2d 1203 (D. Kan. 2009).

use and enjoyment of the land of the kind intended, although the amount and extent of that interference may not have been anticipated or intended; (3) the interference that resulted and the physical harm, if any, from that interference proved to be substantial; and (4) the interference was of such a nature, duration, or amount as to constitute an unreasonable interference with the use and enjoyment of the land."[32]

A "plaintiff cannot base his recovery on the theory of private nuisance" if he cannot show that "he was injured in relation to a right which he enjoyed by reason of his ownership of an interest in land. The fact of personal injury alone is not enough to give rise to a claim of private nuisance."[33] In this case, Walters has alleged no facts indicating that she owned an interest in the land at issue. She was merely an invitee to Dollar General's business premises. If Walters is to recover damages for her injuries, if any, she must do so under a personal injury negligence claim, as she also attempts to do. Private nuisance is not a cognizable claim in this case.

Furthermore, public nuisance is not a cognizable claim in this case. "Unlike a private nuisance, a public nuisance may exist even if the plaintiff has no property interest in the place of the nuisance. That is, a public nuisance action requires only that the nuisance be in a place where the public has a right to go and in fact does go."[34] "Although an action for public nuisance may generally be maintained only by the state, an exception to this limitation exists if a private party has sustained a 'peculiar individual injury' that is distinguishable from the inconvenience or threat of injury to which the general public is exposed."[35] In this case, Walters has alleged no facts indicating she was exposed to an inconvenience or threat of injury distinguishable from that which the general public was exposed. On the contrary, the overwhelming evidence indicates that

---

[32] *N. Nat. Gas Co. v. L.D. Drilling, Inc.*, 405 F. Supp. 3d 981, 1011 (D. Kan. 2019) (citation omitted).

[33] *Culwell v. Abbott Constr. Co.*, 211 Kan. 359, 506 P.2d 1191, 1196 (1973) (citation omitted).

[34] *Bolin v. Cessna Aircraft Co.*, 759 F. Supp. 692, 720 (D. Kan. 1991) (citations omitted).

[35] *Id.* at 721 (citing *Culwell*, 506 P.2d 1191).

thousands of members of the general public were exposed to the same defects in Dollar General's sidewalk. Since Walters has failed to meet her burden to bring forth specific facts showing a genuine issue of fact for trial, the Court grants Dollar General summary judgment on Walters' nuisance claim.

Walters also asserts a claim of negligence per se. Under Kansas law, to prevail under a negligence per se claim, a plaintiff must prove "(1) [a] violation of a statute, ordinance or regulation, and (2) the violation must be the cause of the damages resulting therefrom. In addition, the plaintiff must also establish that an individual right of action for injury arising out of the violation was intended by the legislature."[36] "Kansas courts generally use a two-part test in determining whether a private right of action is created. First, the party must show that the statute was designed to protect a specific group of people rather than to protect the general public. Second, the court must review legislative history in order to determine whether a private right of action was intended."[37] In this case, Walters has entirely failed to specify which statute, regulation, or ordinance grants her a private right to recovery under a negligence per se theory. Therefore, the Court grants Dollar General's motion for summary judgment on Walters' negligence per se claim.

**D.     Dollar General's Comparative Fault Defense**

Finally, Walters seeks summary judgment on Dollar General's comparative fault defense against IIM. Kansas has adopted comparative negligence, embodied in K.S.A. § 60–258a, in which a loss is borne by each tortfeasor in proportion to his share of the total fault.[38] The jury or

---

[36] *Cullip ex rel. Pitts v. Domann ex rel. Domann*, 266 Kan. 550, 972 P.2d 776, 782 (1999) (internal citations and quotations omitted).

[37] *Pullen v. West*, 278 Kan. 183, 92 P.3d 584, 594 (2004).

[38] K.S.A. § 60–258a(d); *Dodge City Implement, Inc. v. Bd. of Cty. Comm'rs*, 288 Kan. 619, 205 P.3d 1265, 1270–71 (2009) (citation omitted).

the court will determine the percentage of negligence attributable to each of the parties and the total amount of damages sustained by each of the claimants.[39]

Dollar General contends that IIM's negligence in failing to follow up on the June 2016 repair ticket was a partial cause of Walters' accident. Notably, however, IIM's service contract with Dollar General only lasted from November 2013 to November 2016. Walters' accident occurred nearly two years later, in June 2018. In the interim, another customer tripped and fell on the sidewalk in April 2017. After that accident, Dollar General submitted a repair ticket with its own facilities maintenance service, not IIM. Also in April 2017, another Dollar General employee emailed the senior manager for facility maintenance with attached photos of the sidewalk and a note that stated: "We have a store that is having a large amount of accidents on a sidewalk in disrepair."[40] Nevertheless, the sidewalk remained in disrepair for another 14 months, culminating in Walters' accident. It is clear from the evidence in the record that Dollar General had ongoing notice of the condition of the sidewalk and at least one instance of an actual accident *after* its contract with IIM had expired. At least for this case and this plaintiff, a reasonable jury could not conclude that IIM is responsible for a portion of Dollar General's fault, if any. As such, the Court grants summary judgment to Walters on Dollar General's comparative fault defense.

**IT IS THEREFORE ORDERED** that Defendants DG Retail LLC and Dollar General Corporation's Motion for Summary Judgment (Doc. 96) is **GRANTED IN PART** and **DENIED IN PART.**

---

[39] K.S.A. § 60–258a(b).

[40] Doc. 91-13, at 1.

**IT IS FURTHER ORDERED** that Plaintiff Jane Walters' Motion for Summary Judgment (Doc. 90) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 9th day of February, 2021.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE