## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JANE WALTERS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| DOLLAR GENERAL CORPORATION, | ) |
| DG RETAIL, LLC, and | ) |
| IIM, INC., | ) |
| | ) Case No.: CIV-19-1010-EFM |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

## PLAINTIFF'S MOTION FOR LEAVE TO SUBPOENA THE VIDEO DEPOSITION OF ANNE MARIE HEISSE

Plaintiff Jane Walters ("Plaintiff") by and through its attorney of record Matthew Bretz, of Bretz and Young, PLLC, hereby submits this Motion for Leave to Subpoena Video Deposition of Anne Marie Heisse, the corporate representative designated by Defendant Dollar General Corporation. In support of this Motion, Plaintiff submits as follows:

**Introduction:**

This is a personal injury suit arising from the failure of Defendants to maintain the sidewalk in front of Defendants' store in Pratt, Kansas on June 3, 2018. Dollar General and its wholly owned subsidiary DG Retail, LLC, were negligent in the maintenance, inspection, and repair of the sidewalk, in spite of employee complaints about the sidewalk condition and previous customer trips and/or falls.

The basis for this Motion arises from the dilatory actions of Defendants as to the availability of necessary witnesses, Defendants' employees, for trial. Plaintiff's counsel requested

information from Defendants as to the production of two Defendant employees eleven months before trial was set. (Plaintiff's Ex. A, E-mail Chain as to Heisse, July 15, 2020).

Defendants' counsel advised that it was far too early to know whether Defendants' counsel would produce the employees of Defendants at trial; he advised Plaintiff's counsel to reserve dates for video trial depositions of said employees in case employees were not produced. (Plaintiff's Ex. B, Defendants' Counsel E-mail as to Deposition Dates). Defendants' Counsel stated:

> I think we'll be in a better position to evaluate this once we are closer to trial and know who you want to call at trial.  Just as a matter of convenience, if we know that a witness you want to call at trial cannot come to trial, then we'll work with you on getting the video depo taken in advance barring some other basis for objecting to the testimony.

(Plaintiff's Ex. A, Defendants' Counsel E-mail as to Heisse, July 15, 2020).

One such witness is now not made available for trial or deposition for the purpose of trial testimony, Anne Marie Heisse. Heisse is a necessary witness, as the designated corporate representative of Defendants Further, although Plaintiff's Counsel sought information as to Heisse's ultimate presence at trial beginning March 29, 2021, Defendants' Counsel delayed giving any information on Heisse's non-attendance until April 28, 2021. (Pl. Ex. B, E-mail Conversation March 29, 2021 through April 28, 2021).

At this late date, Defendants' failure to produce Heisse, the corporate representative designated by Defendants, for trial or for a trial deposition will substantially prejudice Plaintiff. Plaintiff has worked diligently in order to accommodate the out-of-state witnesses designated by Defendant and is now is in the position of bringing this matter without the testimony due her although she abided by the Court's scheduling order, Fed.R.Civ.P. 26, and timely identified the witness to Defendants. As per Fed.R.Civ.P. 45 and 30, Plaintiff would request this Court's leave to subpoena the video deposition of Heisse in lieu of her attendance at trial.

Anne Marie Heisse, a resident of Indiana at the time of trial, is outside the subpoena power of this Court for a personal appearance at trial. She is not outside of the subpoena power of this Court as to a recorded trial deposition. Fed.R.Civ.P. 45. In light of the dilatory actions of Defendants' and the roadblocks to the production of Heisse at trial, Plaintiff would request this Court's leave to subpoena Heisse for a recorded trial deposition.

## ARGUMENT AND AUTHORITIES

### PROPOSITION I

### HEISSE MAY BE COMPELLED TO BE DEPOSED VIA VIDEO DEPOSITION FOR PRESERVATION OF TRIAL TESTIMONY

In light of Heisse's residence outside of the subpoena power to command her presence at trial, Plaintiff would rely on Fed.R.Civ.P. 45 to preserve her testimony for trial. This Court may issue a subpoena for her appearance at a recorded deposition to be issued to Heisse to her state of residence in Indiana. Fed.R.Civ.P. 45(a)(2). The subpoena may command her attendance at a deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed.R.Civ.P. 45(c)(1)(A).

Heisse may not be compelled to appear at trial via Fed. R.Civ.P.45, but her recorded deposition for the purpose of preservation of trial testimony may be compelled.

### PROPOSITION II

### WITHOUT HEISSE'S TESTIMONY GREAT PREJUDICE WOULD INJURE PLAINTIFF

Plaintiff has attempted in good faith to ensure the preservation of Defendants' designated corporate representative for trial. (Pl. Ex. B, E-mail Conversation March 29, 2021 through April 28, 2021). In spite of these efforts, Defendants have failed to either assist in scheduling their corporate representative for a trial deposition or ensuring her attendance at trial, and Defendants

further alerted Plaintiff to this fact less than forty-five days before the date the trial is set. This works a substantial prejudice to Plaintiff, and the cure for this prejudice lies in the subpoena of this witness for a recorded deposition in lieu of live trial testimony. Four factors have been cited by this Court as informing the determination of whether a trial deposition should be allowed:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court, and (4) bad faith or willfulness in failing to comply with the court's order.

*Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997).

The court in *Antero Res. Corp. v. S. Jersey Res. Group, LLC*, 2017 U.S. Dist. LEXIS 47917, *5, 2017 WL 1176414 (D. Colo. March 30, 2017), applied these *Summers* factors to "a determination of whether to permit a preservation deposition."

In application of these four factors, several facts as to this trial deposition are plain: no surprise will be worked against the Defendants, as this witness is their own designated corporate representative, whose testimony will be well-known to the Defendants. Thus, the Defendants need not cure any prejudice (though and perceived prejudice could certainly be cured by Defendants' counsel attending said deposition). This witness was never unlisted, and any bad faith was certainly not on the part of Plaintiff, who has attempted to ensure this witness's attendance at trial or a trial deposition for the past eleven months.

In a very similar matter, *Antero Res. Corp.* explored the defendant's motion for leave to depose the corporate representative of the plaintiff, who the defendants had not conducted a discovery deposition for, but upon discovery of that witness's unavailability for trial due to residence out-of-state, wished to preserve the trial deposition of. *Id*. at *3-*4. The court applied

the Summers factors and found no prejudice to the plaintiffs as to the preservation of trial testimony. *Id*. at *8.

In light of these circumstances, Defendants will suffer no prejudice and Plaintiff will be extremely so by the lack of the trial testimony of Defendants corporate representative. No surprise will be worked upon Defendants, and it is not due to any bad faith or dilatory behavior on the part of Plaintiff that this Motion for Leave is timed less than forty-five days prior to the date of trial hearing. Plaintiff has attempted to secure the trial testimony of this witness for eleven months, and Defendants were well aware of Plaintiff's need for such testimony. Thus, Motion for Leave should be granted.

<u>**PROPOSITION III**</u>

**TRIAL DEPOSITIONS HAVE BEEN DETERMINED TO BE DISTINCT FROM DISCOVERY DEPOSITIONS**

The distinction between depositions as per discovery and those for preservation of testimony for trial has been recognized in "a majority of the courts that have previously considered the argument." *Lucas v. Pactiv Corp.*, 2009 U.S. Dist. LEXIS 120157, *9, 2009 WL 5197838 (W.D. Va. December 22, 2009). The court in Lucas goes on to state that a federal common law distinction has arisen that holds depositions taken for the preservation of trial testimony may be taken even after discovery deadlines have passed. *Id*.

As Plaintiff appropriately took Heisse's discovery deposition well within the limits of this Court's scheduling order, and now requests this trial deposition to preserve said testimony in light of the late disclosure by Defendants of Heisse's unavailability, Plaintiff should be granted leave to subpoena and depose this witness.

Case law that regards the unavailability of witnesses for trial due to residency outside the state has held that these witnesses may be deposed in order to preserve their testimony for trial. In

*Odell v. Burlington N. R.R.*, 151 F.R.D. 661, 663 (D. Colo. 1993), the three proposed trial deponents had not been listed by the party in the pretrial order, had not been qualified as experts to rebut the proposed testimony of the opposing party's expert, and the party had not provided records or reports of the testimony proposed by the witnesses. Yet, the court found that because the witnesses resided outside the District of Colorado, and more than 100 miles away from the site of trial, these witnesses could not be compelled to appear. *Id*., citing Fed.R.Civ.P. 45(3)(A). Because the witnesses had been on-the-scene of the actions underlying the matter, and the parties should have been well aware of their potential to be called as witnesses, no prejudice lay. *Id*. at 663. The court held the party opposing the deposition may re-open discovery to cure any potential prejudice, but without a showing of prejudice or means to cure it, the motion for leave to subpoena and depose the witnesses for trial should be granted. *Id*. at 664.

In *Charles v. Wade*, 665 F.2d 661, 664, (5th. Cir. 1982), denial of leave to depose a witness outside the discovery period was held to be in error, as the deposition testimony was not sought for discovery but to preserve such testimony for trial. The proposed deponent was incarcerated more than 100 miles away from the site of the trial, thus, his deposition testimony was necessary for trial. *Id*. The plaintiff made clear in his motion for leave that the deposition was "not be taken for discovery purposes, but in lieu of [the witness's] live testimony at trial." *Id*. "The fact that the discovery period had closed had no bearing on [plaintiff's] need, or his right, to have the jury hear [the witness's] testimony. We hold that the court clearly erred in denying appellant's deposition motion on the ground stated in its order." *Id*.

At the time of trial, Heisse will work and reside in Indiana, well outside the 100-mile radius Fed.R.Civ.P. 45 allows for subpoena power. (Pl. Ex. C, E-mail from Defendants' Counsel April 28, 2021). Thus, Plaintiff must depose this witness in order to preserve her testimony for trial.

Most jurisdictions have found this means of preservation of trial testimony, even outside the discovery period, proper and necessary. Due to the prejudice worked upon Plaintiff by the unavailability of Heisse, the attempts by Plaintiff to cure such prejudice for the past eleven months, and the general recognition that preservation of trial testimony by means of a trial deposition is proper, Plaintiff's Motion for Leave to Subpoena and Depose Heisse should be granted.

**<u>CONCLUSION</u>**

For the reasons set forth above, Plaintiff Janet Walters moves this Court to grant her Motion for Leave to Subpoena the Video Deposition of Anne Marie Heisse, and any other relief this Court finds equitable.

Respectfully submitted,

<u>/s/ Matthew L. Bretz</u>
Matthew L. Bretz, SC # 15466
**BRETZ & YOUNG, L.L.C.**
3 Compound Drive
P.O. Box 1782
Hutchinson, KS 67504-1782
(620) 662-3435
Fax (620) 662-3445
Matt@byinjurylaw.com
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30th, 2021, I electronically filed the above and foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to the following:

Justen P. Phelps
Andrew G. Marion
GIBSON WATSON MARINO, LLC
301 N. Main, Suite 1300
Wichita, KS 67202
andrew@gwmks.com
justen@gwmks.com
Attorneys for Defendants

/s/ Matthew L. Bretz
Matthew L. Bretz, SC # 15466
**BRETZ & YOUNG, L.L.C.**
3 Compound Drive
P.O. Box 1782
Hutchinson, KS 67504-1782
(620) 662-3435
Fax (620) 662-3445
Matt@byinjurylaw.com
Attorney for Plaintiff